**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMANDA LEE ZIEGLER,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | ) | 2:25-CV-1563 |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Administrative Law Judge Kelli J. Kleeb found Plaintiff Amanda Lee Ziegler not disabled. Ms. Ziegler appeals that order, challenging how the ALJ considered the evidence. On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

In making a finding of disability, the ALJ is required to go through a five-step sequential process.[1] Part of that five-step analysis is the determination of the claimant's residual functional capacity, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Fargnoli*

[1] The five-step process requires the ALJ to assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

*v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

Once, the ALJ determines a claimant's RFC, she considers whether the claimant is able to perform past relevant work. If the ALJ concludes she is not, then the SSA must prove that, given the claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

Here, Ms. Ziegler claims that the ALJ failed to consider the full opinions of two state agency psychologists when determining Ms. Ziegler's residual functional capacity, and thus found Ms. Ziegler fit for jobs she would not have been fit for otherwise. ECF 4, at 6. Specifically, Ms. Ziegler argues that the ALJ found the state psychologists' opinions persuasive but did not incorporate their opinions that Ms. Ziegler could perform only "one-and-two-step tasks" into her RFC. *Id.* at 7. The ALJ instead found that Ms. Ziegler could perform "simple, routine tasks" and make "simple work-related decisions." ECF 2-2, at 23. This was consequential because then, at step five, the ALJ was able to find that Ms. Ziegler could perform jobs that exist in significant numbers in the national economy based on her RFC, such as dowel inspector, order clerk, and telephone quotation clerk. *Id.* at 29; ECF 4, at 7. Because Ms. Ziegler's argument as to step five depends on her argument that the RFC was improper, the Court focuses on the RFC finding to also examine whether substantial evidence exists as to step five.

The Court finds that there is substantial evidence to support the ALJ's finding that Ms. Ziegler doesn't qualify as disabled. This is so for two reasons.

First, as a threshold matter, the ALJ was not required to adopt the state agency psychologists' opinions in full. The ALJ found their opinions "generally persua[sive]." *Id.* at 28. But she was not required to adopt all of the limitations in

these opinions just because she found them "generally" persuasive as a whole. *Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014). The ALJ was free to adopt some of the limitations in these opinions and reject others, based on all the relevant evidence before her. 20 C.F.R. § 404.1546(c).

Second, objective medical evidence in the record supports the ALJ's finding that Ms. Ziegler could perform simple, routine tasks and make simple work-related decisions. Ms. Ziegler's primary care physician consistently assessed her with normal presentations in her mental status examinations, never with worse than fair insight and judgment. *See, e.g.*, ECF 2-7, at 337, 345, 365–66, 374, 481, 579, 595, 601, 608, 630, 638, 649. The same is true of Ms. Ziegler's behavioral health PA as of June 2024. ECF 2-9, at 179. Her behavioral health PA also noted that Ms. Ziegler had a logical, coherent, and goal-directed thought process. *Id.* Her longitudinal medical history also supports a finding that her depression and anxiety have become increasingly well-managed. *Compare id.* at 206 *with id.* at 196, 201. The ALJ was free to consider this evidence in crafting the RFC and rejecting the state psychologists' specific opined limitations, even if she thought their opinions were otherwise persuasive.

In sum, there is substantial evidence to support the ALJ's conclusion and reasoning that Ms. Ziegler was not disabled during the relevant period. The decision of the ALJ is **AFFIRMED**. The Clerk of this Court shall mark this case as **CLOSED**.

DATED this 8th Day of September, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge